Case number 17-3005, United States of America v. Eric A. Hicks, also known as Fat Eric Appellate, Mr. Moses Wing for the appellate, Ms. Gabriel for the affiliate. Good morning. May it please the court. We begin with three provisions of sentencing, serious potential risk of physical injury, substantial risk of physical force against the person or property of another, and substantial risk of death or serious bodily injury. The first two of those are undoubtedly unconstitutionally vague. We know that because that was decided by the Supreme Court in Johnson with respect to the first, and by this Court in Asherthoo and the Supreme Court in DiMaia with respect to the second. The third provision is the one at issue in this case. And I begin here because there can be no doubt that if this Court reaches the merits of the question, the language of these three provisions is in all material respects identical. And the result would be the same, that the provision under which Mr. Hicks' sentence was enhanced is no more nor less vague than provisions that have already been found constitutionally wanting. I assume you're completely right about that. Could you focus on the question of prejudice here and how you're, how Mr. Hicks is prejudiced by? Well, Mr. Hicks is prejudiced in a number of ways, Your Honor. The first, of course, is that there was a substantial jail sentence involved here, one that involves life. But is it legally connected or in any rational way connected to the constitutional error you identified? It is in a causal way, Your Honor. If Mr. Hicks is allowed to, is subject to resentencing at this point. But that's not the point. It's resentencing. It's how he would have been. Your brief suggests that the question is how he'd be resentenced de novo today. But isn't the question what effect it would have had on his 1990, what was it, three? 1993, Your Honor, yes. 1993 sentence? Isn't that the place we have to look? Well, it is, Your Honor, in some sense. But in another sense, with respect, I don't think that it is. The question is not so much whether or not that two-point adjustment had an effect back in 1993, which would have changed his guideline range from, I think it's 52 to 50. But rather the question is... And you agree that would have had no impact on his sentence, right? I'm sorry, Your Honor. That would have had no impact on his sentence. Back in 1993. Yeah, right. It would have had an impact today, however, and it would have... Isn't our focus on what effect it had then, not whether it would have an effect if he was resentenced de novo today? With respect, Your Honor, I don't think that that is the proper focus. The focus, of course, is not so much that he would have not had an effect back at the time, but whether or not he was sentenced under a constitutionally impermissible enhancement. But even if he was, you still have to show prejudice. The same could probably have been said... Isn't that right? Yes, you have to show prejudice. We've shown, however, that I believe there was an effective harm from the fact that Mr. Hicks was sentenced under an unconstitutional provision where he's subject to resentencing today. If that's an adequate showing of prejudice, then doesn't the ability of a prisoner to get relief in this sense, or may it not in many cases, turn on changes in the sentencing system, which have nothing whatever to do with his complaint? It seems to me it makes almost a kind of random game for assessing whether there's prejudice. No, Your Honor, I would respectfully disagree, because I think that in order to seek relief collaterally, a petition would also have to show cause, which is to say some supervening change in law of the one that is at issue. Yes, but we're talking about the prejudice element, and the formula is cause and prejudice. Well, that's correct, Your Honor, but your question seemed to me to suggest that all changes in sentencing... No, I didn't mean to suggest that. Our view would be that any change in sentencing law that amounts to a new rule subject to retroactive application, such as this one has been held to be, is itself cause, and that the prejudice is the sentencing under an unconstitutional provision of law, But sentencing under is a tricky phrase, because as I look at the system as it prevailed in 1993, he was not sentenced under the provision that you object to. I'm not sure I would agree, Your Honor. I would say that... I mean, it was under in the sense that it was floating around there. Well, it was... It had no impact on the sentence imposed. It was a finding of the court that resulted in an enhancement of his sentence, an enhancement of his guideline offense level at the time. If it had no impact at all, then your suggestion is that the provisions of the pre-sentence report were an irrelevancy of no... The judge made a finding as to this fact and incorporated into his determination... Well, the ceiling at 40 levels does seem to make levels above 40 irrelevant. Right? Irrelevant only... Well, I would back it up and I would say only in the case where the level determination is itself completely uncontested and incontestable. And that's not determined until the sentencing hearing occurs. The pre-sentence report makes a recommendation. The judge makes a finding as to what facts go into the sentencing level that he ultimately comes to. In this instance... Truly, it's what happens at the moment of sentencing that counts, I would think. That's correct, Your Honor. And in this case, the judge found it sufficiently relevant to his determination that he made a finding on a preponderance of evidence that the reckless endangerment provision applied. Once he had the number of levels that he did with CAP, the life sentence was mandatory. So the finding did not affect any exercise of discretion by the judge. Well, nor did any of the other individual findings. It's the sum of them that comes up and we can't know at this point which of those was the one that drove... Well, I suppose mathematically you're correct. I suppose mathematically. What's your best authority for us looking to this sort of holistic new vision of what the sentencing would be like now rather than looking at the impact on the sentencing that happened at the time, at the actual time of the first sentencing? The best set of authorities would be what happened in all of the post-Booker resentencing cases that went through this court post-2005, where the question was not so much the complete harmlessness of any error, but rather most of them were remands for determinations of whether or not the same sentence would be reimposed under the new advisory series of guidelines rather than under the previous mandatory sentencing. This court could have adopted a rule akin to the one that's being advocated or that's being suggested by your questions, which is to say that it would have made its own independent judgment as to the harmlessness of the... I think that's why we remanded things back to the district court for in that context, was for them to figure out whether they would have done the same thing under advisory guidelines. But our point is we went back and said, what would you do in Booker? What would you do had they been advisory at the time? And we didn't sort of recalibrate all kinds of other things into it. And what you want to do is not ask the question of what would have happened if this two-point enhancement hadn't been there. If the two-point enhancement had made no appearance in the original sentencing, wouldn't his sentence have been exactly the same? In the original sentencing under the mandatory, under the pre-apprendee, pre-apprendee judicial fact-finding system? Yes. But again, that would not be the same. But then that sounds like an argument that you want to have a Booker remand, not a... or an apprendee remand, not a remand based on Johnson. The remand here will, of course, have also apprendee-like effects in the district court below. That is, in fact, the fundamental part of it. So that's the source of your claim, prejudice, not the Johnson error? No, the Johnson claim is the cause and the prejudice of the error. But the demonstration of why it will be prejudicial, why it will be beneficial to Mr. Hicks to have the remand, is because in the post-apprendee, post-Booker world, he will be subject to a different sentencing regime. I see that I'm almost out of time, and I haven't addressed the timeliness issue of the 2255F3 provision of law. Suffice it to say that that is an issue that has split the circuits and has also split the district courts. At least two district courts have found that Johnson is retroactively applicable to mandatory guidelines, questions such as the one presented by this court. I'd be happy to address the reasoning in more detail on rebuttal or now if the court would like, but I don't want to trench unreasonably on your time. Thank you. We'll hear from the government. Good morning. May it please the Court. Elizabeth Gabriel on behalf of the United States. Appellant is not entitled to relief because he fails to overcome the numerous procedural bars to his claim. This court can dispose of Appellant's claim on any of a number of grounds, but perhaps the easiest is procedural default. Appellant fails to show cause and prejudice resulting from the error, and because he cannot make those showings, he cannot bring his claim in a 2255 motion now. Appellant misunderstands the prejudice inquiry in the procedural default realm. In order to establish prejudice, Appellant has to show prejudice stemming from the error. The error here, he claims, is the application of the two-level enhancement at the time of his sentencing. As Frady makes clear, the prejudice inquiry turns on whether the error worked to the defendant's actual and substantial disadvantage, and in this context, it would be his actual and substantial disadvantage in terms of his sentence. As we've argued and as your honors have inquired, the sentence here was completely unaffected by the two-point enhancement he received from the reckless endangerment. Could you take us through your argument on the alternative route around the procedural obstacles, namely actual innocence? I don't think that Appellant has asserted actual innocence. He doesn't suggest that he was actually innocent of the offenses of which he was convicted, and I think that to establish, to get around the cause and prejudice inquiry and to establish actual innocence, he has to show factual innocence. He hasn't made that assertion here. Well, factual innocence depends upon the relationship between the facts and, in this case and in lots of others, the legal vulnerability of the basis for the sentence. So, for example, in a case where someone did some acts, but those acts cannot be constitutionally found under the statute involved to be a basis for punishment, if he is punished under them, then he qualifies as actually innocent. Well, I think, first of all, actual innocence refers to innocence of the charges of conviction, and that would be here, the conspiracy counts, the distribution counts. Well, it also applies to things that add years of sentencing exposure. Well, even if it did apply to the enhancement, the facts that underlie that enhancement, Appellant hasn't claimed that he didn't engage in those acts. He doesn't claim that he didn't speed well above the speed limit. There's no jury finding as to those facts. There was no jury finding as to those facts. That is true. It was required to sentence him. I'm sorry, Your Honor? Which the Constitution requires to sentence him pursuant to the enhancement, correct? Well, that is true post-Apprendi. Well, the Constitution required it all along, right? That is true, but Appellant can't take advantage of that now because Apprendi is not retroactive. So even if that may be the case, Appellant's sentence is not in jeopardy for that reason alone. He can't take advantage of that new constitutional rule. Here, you know, he hasn't made any assertion whatsoever that he didn't engage in the acts that gave rise to the enhancement. He doesn't suggest that those facts were improperly found and that they were not true. So we don't believe that, you know, there's any suggestion here of actual innocence of the facts that gave rise to the enhancement. You had raised timeliness and the H-2 certification issues. Why are those not already resolved as law of the case here? I'm sorry, Your Honor? Why are those not already resolved as law of the case here? Were there not prior orders of this Court finding that it was timely and properly presented to the district court? Well, the prior order of the Court was that it was a court granting him permission to file a successive claim based on a prima facie showing of merit. And timeliness in the district court? The district court did not find that it would be timely. This Court said it would be timely. I'm sorry? Didn't this Court say it would be timely? The Court said it would be timely. So isn't that law of the case? But, again, the Court said that the appellant made a prima facie showing, and this Court has held that that is a low threshold and that the district court can revisit those issues and that this Court on appeal can revisit those issues. So we would submit that, you know, although he may have made a prima facie showing, that now analyzing the issue… What changed factually between then and now? I don't think anything has changed factually, but I don't think that… Then the prima facie case hasn't been rebutted. I don't think that the Court engaged in an analysis of whether Johnson recognized the right that appellant now asserts, whether even if he, you know, he recognized that right, that that right was made retroactive to cases… They were unthinking or unanalyzed orders of this Court? I'm sorry. They were unthinking or unanalyzed orders of this Court? Is that what you're saying? No, I'm not suggesting that they were unthinking. I'm suggesting that the Court found that appellant had cleared the very low threshold for making a prima facie showing. And, again, this Court's precedence suggests that that is not, you know, a determinative decision, that the district court can revisit those determinations, that this Court on appeal can revisit those determinations. We submit that… Do you think we need to revisit them? If, just assuming if you were to prevail on prejudice ground, would we have to address either of those first? Timeliness or certification? We submit that yes, procedurally, he could not properly assert this motion, but if the Court didn't… Wait, is timeliness jurisdictional? I thought it was not. Timeliness, well, he has to fall within the limitations period. I know, but I'm asking whether it's jurisdictional. If we have a list of issues, we only have to decide jurisdictional ones first. I don't think it's jurisdictional. Is the certification jurisdictional? Is the H-2 certification jurisdictional? Your Honor, I am not certain, and I'm happy to brief that if Your Honor wishes. But the Court doesn't need to reach the procedural bars if it chooses not to. If the Court wishes to visit them to consider the merits of appellant's claim, it is clear under Johnson that appellant's claim has no merit. Johnson makes clear that the rule it announced does not apply to the many laws and provisions that use an indeterminate standard like substantial risk, but ask for a court to analyze a defendant's own real-world conduct rather than some imagined hypothetical version of a crime. So even turning to the merits, appellant is simply not entitled to relief. If the Court has no further questions. I think there are none. Thank you very much. Okay. Thank you, Your Honor. How much time did Mr. Rubenstein have left? You can take a minute if you'd like. Thank you, Your Honor. I appreciate that. The case I could not recall, Your Honor, was Molina-Martinez v. United States Supreme Court case from 2016, holding that a defendant sentenced under an incorrect guideline range, that error will be sufficient to show a reasonable probability of a different outcome absent the error of this is so, even in cases where the district court might have imposed the same sentence, notwithstanding the error. So our submission is that Molina-Martinez stands for the proposition that we've established precedence prejudice here. Finally, on the last point that the counsel of the government made regarding the rule in Johnson, we don't think that Johnson can be limited to the ACCA itself. If anything, the Supreme Court's decision in DiMaia establishes without a doubt that the Johnson rule goes to all provisions that fix a sentence based on uncertain assessments of risk, that case obviously involving not only not the ACCA but not even a criminal case. I thank you for your attention. Thank you. And we ask that you reverse the decision. Thank you. Mr. Rosenzweiger, you were appointed by the court to represent Mr. Hicks and we are grateful to you for your assistance. Thank you very much, Your Honor.
judges: Tatel, Millett, Williams